# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEBRA GUY,**

    **Plaintiff,**

  **v.**                                                                    Case No. 13-CV-1399

**JEWISH HOME & CARE CENTER, INC.,**

    **Defendant.**

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## TO PROCEED *IN FORMA PAUPERIS*

On December 12, 2013, Debra Guy ("Guy") filed a complaint against her former employer, Jewish Home & Care Center, Inc. ("Jewish Home"). (Docket # 1.) Guy alleges that Jewish Home subjected her to harassment and discharge based on her race and in retaliation for her complaints about discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Guy simultaneously filed a motion to proceed *in forma pauperis*. (Docket # 2). Because I find Guy is indigent for purposes of the federal *in forma pauperis* statute and that her complaint is not frivolous or malicious and that it states a claim, her motion will be granted.

### ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain " 'detailed factual allegations,'" a complaint that offers " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In her motion and affidavit to proceed without prepayment of fees and/or costs, Guy states that she is unmarried and supports her grandson and granddaughter. (Docket # 2 at 2.) Guy receives $1,450.00 per month from employment and child support. (*Id.*) She owns a vehicle, which is valued at $8,260.00; however, she owes $16,740.00 on the vehicle. (*Id.* at 3.) Guy does not own a residence; has no cash, checking, savings, or similar accounts; has no intangible assets; and does not own any other valuable property worth more than $1,000.00. Guy's monthly expenses total $1,835.00 and prior to her discharge from Jewish Home, she declared Chapter 13 bankruptcy. (*Id.* at 5.) Based on the information provided in Guy's affidavit and petition, I am satisfied that she is indigent for the purposes of the *in forma pauperis* statute.

I next turn to the question of whether Guy's action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Guy brings this action pursuant to Title VII of

the Civil Rights Action 1964, as amended, 42 U.S.C. § 2000e *et seq* and the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 and 1981a. Title VII prohibits discrimination based upon race, color, religion, sex, or national origin with respect to hiring, compensation, or the terms, conditions, and privileges of employment. Section 1981 prohibits racial discrimination that limits a person's right "to make and enforce contracts," including the right to enjoy the "benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b). Guy, an African American, alleges that she was harassed and discharged because of her race and/or in retaliation for opposing racial discrimination. She further alleges that she was part of a collective bargaining agreement through her union and the collective bargaining agreement contained a provision requiring that discharge be only for cause and after progressive discipline has occurred. Thus, Guy has sufficiently stated a claim under both Title VII and § 1981.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a)(1)(A) & (b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Although Congress requires the Court to order service by the United States Marshals Service because *in forma pauperis* plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Dated at Milwaukee, Wisconsin this 7th day of January, 2014.

                                         BY THE COURT

                                         s/ *Nancy Joseph*
                                         NANCY JOSEPH
                                         United States Magistrate Judge